IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES,** | : |
| | : |
| v. | : |
| | :   CASE NO: 7:16-cr-26–WLS–TQL |
| **JAOQUIM GEAR,** | : |
| | : |
| **Defendant.** | : |
| _____ | : |

## ORDER

On October 3, 2024, the Court held a final hearing on the U.S. Probation Office's ("USPO") Petition for Warrant or Summons for Offender Under Supervision, as amended (Docs. 38, 48), seeking to revoke Defendant Jaoquim Gear's supervised release. This Order memorializes that hearing.

**I.   BACKGROUND**

On September 14, 2016, a two-count Indictment (Doc. 1) was filed against Defendant, charging him with Possession with Intent to Distribute Cocaine and Cocaine Base (Count One) and Possession with Intent to Distribute Marijuana (Count Two). On April 18, 2017, Defendant pled guilty to Possession With Intent To Distribute Cocaine and Cocaine Base (Doc. 22). On July 12, 2017, Defendant was sentenced to an 87-month term of imprisonment to be followed by supervised release for a term of 3 years. (Doc. 31). Defendant's supervised release started August 26, 2022.

On June 20, 2024, the Court issued a warrant on the original petition (Doc. 38). Defendant was arrested and made his initial appearance on August 2, 2024 at which time he was taken into custody pending his revocation hearing. (Doc. 43). On August 19, 2024, after Defendant pled guilty in state court to two of the offenses listed as violations in the original petition, the USPO filed an amended petition (Doc. 48). Defendant waived a preliminary hearing on the amended petition. (Doc. 50).

1

The Petition, as amended (Docs. 38, 48), alleged Defendant committed the following two violations of the conditions of his supervised release:

1. On or about May 24 to May 25, 2024, Defendant failed to refrain from violating the law by committing the offense of Fleeing/Eluding Police Officer in Tift County, Georgia. Defendant pled guilty to Felony Obstruction in Superior Court of Tift County, Georgia, Case No. 202CR0150, and was sentenced to five years' probation.

2. On or about May 24, 2024, Defendant failed to refrain from violating the law by Driving Under the Influence, in Tift County, Georgia. Defendant pled guilty to Driving Under the Influence, Case No. 202CR0150, and was sentenced to twelve months' probation.

## II. REVOCATION HEARING AND COURT'S FINDINGS

At the final revocation hearing on October 3, 2024, Defendant acknowledged that he had been served with the Petition, as amended, for revocation and that he had reviewed it with his attorney. The Court advised Defendant of his rights to a hearing on the allegations, and that at such hearing, the Government would be required to prove the allegations by a preponderance of the evidence; Defendant would be permitted to present evidence in his defense; and Defendant would have the right to testify in his defense if he wanted to do so. Defendant was also advised that he was not required to testify or present a defense at such hearing. Defendant acknowledged he understood his rights. The Court also confirmed that Defendant had received the Revocation Report, as amended (Docs. 51, 52) ("Report"), reviewed it with his attorney, and had no objections to the Report. The Petition, as amended, contains two violations. The Court reviewed each alleged violation with Defendant, after which Defendant admitted that he committed such violation. Defendant confirmed that he was not being coerced into waiving his rights to a hearing, and that he wished to admit that he committed both violations.

The Court found that Defendant freely, knowingly, and voluntarily stipulated to the two violations of supervised release itemized in the amended Petition (Doc. 48) for purposes of the revocation hearing. As such, the Court found, by a preponderance of the evidence, that

Defendant committed the alleged violations of his supervised release, and revoked Defendant's supervised release.[1]

The Court heard from the Government, defense counsel, and Defendant, with respect to sentencing. Based on Defendant's original Criminal History Category of V and Grade B violation in the amended Petition (Doc. 48), the Defendant's U.S. Sentencing Guidelines range is 18 to 24 months. Based on the totality of the circumstances of this case, including the Guideline range and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to a term of 18 months imprisonment, with no additional term of supervised release to follow. The Court found this sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and protect the public.

### III. CONCLUSION

For the afore-mentioned reasons, the Government's Petition, as amended (Docs. 38, 48) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Accordingly, Defendant Jaoquim Gear, is sentenced to 18 months imprisonment, with no additional term of supervised release to follow.

**SO ORDERED**, this 9th day of October 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].' This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (alteration in original) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)).